Hyman Lowenthal, complainant-respondent,

*v.*

Jacob H. Myers, Emma T. Bauer et al., defendants-appellants.

[Argued December 2d, 1908.    Decided March 3d, 1909.]

On the foreclosure of a mortgage the defendant set up in the answer the defence of usury.—*Held*, that the proofs submitted sustained the defence and that the defendant was entitled to a decree so adjudging.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

On appeal of Emma T. Bauer, and cross-appeal of Hyman Lowenthal.

*Mr. Edmund C. Gaskill, Jr.,* and *Messrs. Bourgeois & Sooy,* for the complainant-respondent, Lowenthal.

*Mr. John C. Reed, Mr. John Rauffenbart* and *Mr. Ulysses G. Styron,* for the defendant-appellant Bauer.

The opinion of the court was delivered by

DILL, J.

This case presents cross-appeals from a chancery decree in an action of foreclosure where the defence was usury; the vice-chancellor, while finding that the mortgage was usurious in its inception, declared that he was unable, because of the conflicting testimony, to fix the amount which should be deducted from the face of the mortgage.

The decree directed the payment of the face of the mortgage without interest, less $88.50 paid as interest and $75 paid for an extension of time of an installment due:

Both sides appealed: The complainant because the decree declared the mortgage usurious, the defendant Bauer because the decree did not determine the usurious amount.

We agree with the vice-chancellor that the mortgage was usurious in its inception and that the subsequent payment of $88.50 as interest and the one of $75 to induce the complainant to defer a payment due upon the mortgage should be applied to a reduction of the principal of the mortgage.

As to the amount of the usurious bonus, the testimony of the complainant was squarely in the face of that of the defendant Bauer.

The vice-chancellor, having an opportunity to observe the conduct and demeanor of the witnesses while testifying, which is

often almost as important as the testimony itself, in this wage of oaths, accepted the testimony of Mrs. Bauer and rejected that of Lowenthal and his confreres as deliberately false in the interest of Lowenthal.

We hold, as did the vice-chancellor, that the transactions in the names of other parties were in fact Lowenthal's transactions, and that the names of other parties were used by him with a view to the furtherance of his illegal purpose.

Furthermore, Lowenthal's adoption of craft and deceit in this hypothecation of the names of Cantor and others demonstrates that he was covering up transactions which it was apparent even to his mind would not stand the light of full investigation.

Giving due weight to the findings of the vice-chancellor "that the original contract was to pay a bonus for the loan and that the bonus agreed upon was included in the amount of the mortgage," and that Mrs. Bauer was to be believed, and that Lowenthal, who denied such a bonus contract, was swearing falsely in his own interest, we think it may fairly be considered to have been proved by Mrs. Bauer's testimony that the bonus was at least $450, no other amount of bonus being at issue under the pleadings, and that Lowenthal deducted that amount from the proceeds of the mortgage.

The suggestion that the bonus of $450, which Mrs. Bauer agreed that Lowenthal deduct, was not in fact deducted by him, is not at all persuasive since it rests upon the unconvincing argument that Lowenthal, whose character as usurer and as a witness the court below had correctly estimated, would make a condition of his loan that such bonus should be deducted and refrain from deducting it after all.

Upon a fair and consistent consideration of the relative weight of the testimony, the retention of the bonus agreed upon was proved.

It should, therefore, have been deducted from the amount due on the mortgage.

The case presents indications of other elements of usury, but, as the testimony of Mrs. Bauer is not definite, it becomes a matter of strong inference rather than a demonstrated fact.

The complainant is entitled to no costs and no allowance in the court below.

Upon the appeal of the complainant, Lowenthal, there should be an affirmance.

As to the appeal of the defendant Emma T. Bauer, there should be a reversal for the purpose of modification as indicated in this opinion, with costs in this court to the defendant Bauer.

The record is accordingly remitted to the court of chancery for the entry of a decree in accordance herewith.

On appeal of Emma T. Bauer:

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL—13.

On cross-appeal of Hyman Lowenthal:

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL—13.

*For reversal*—None.