This is a motion to strike portions of an answer and counter-claim in a foreclosure suit.
The bond and mortgage was executed on August 18th, 1926, to Kate Hurley Korfe, now deceased. The principal secured was $10,000 and was payable on August 18th, 1929.
The bond and mortgage contained the usual clause permitting acceleration of the principal on default in the payment of interest, continuing thirty days.
On September 3d 1929, an extension agreement was executed extending the time for the payment of principal until August 18th, 1932, and thereafter, on August 23d 1932, another extension agreement was entered into extending the payment of principal until August 18th, 1935. *Page 285 
It is admitted that the mortgagor paid to the mortgagee a bonus of $300 at the time the mortgage was executed, and further admitted that on August 18th, 1929, an additional payment of $300 was paid by the mortgagor to the mortgagee for an extension of the time for payment of the principal.
It thus appears that the bond and mortgage were originally usurious and it further appears that they have never been purged of the taint.
The foreclosure is for non-payment of interest due under the terms of the bond and mortgage on February 18th, 1934, which installment of interest remained unpaid beyond the thirty days' period.
The motion to strike is addressed to paragraphs 4 and 8 of the separate defenses of the answer, and to paragraph 4 of the counter-claim.
The allegations of paragraph 4 of the separate defenses of the answer are:
"Under the terms of the bond and mortgage mentioned in the bill of complaint there became due and payable on February 18th, 1934, one-half year's interest, amounting to $300, but the defendants are entitled to a credit for having paid the same by virtue of their payment of $300 on said mortgage, which sum they are entitled to have applied to said installment of interest, and by reason thereof, no default occurred on February 18th, 1934, because nothing was due on said date."
Paragraph 8 of the separate defenses in the answer is in substantially the same language and seeks to have the $300 payment applied to the defaulted interest payment, and the allegation in the fourth paragraph of the counter-claim is likewise to the same effect.
It is quite apparent that this defense is founded on an erroneous impression of the law.
The usury statute (4 Comp. Stat. p. 5705 § 2), after limiting recovery of an usurious contract to the "amount actually lent," provides "and if any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only." *Page 286 
This language clearly provides that the two items of $300, the one paid by way of bonus at the creation of the mortgage, and the other paid by way of bonus for the extension thereof, must be deducted from the principal and not applied to interest alleged to be due on February 18th, 1934.
It will be observed that the defendant does not allege in the answer or counter-claim that there was no interest due on February 18th, 1934, by reason of the fact that the provision for the payment of interest, being in violation of the Usury act, was void, but that the allegation is that there was nothing due on said date because, as the defendant alleges, the bonus payments should be credited to interest. Not so.
Paragraphs 4 and 8 of the answer and paragraph 4 of the counter-claim will be stricken, with leave to defendant to file amended pleadings, if desired.
In Lowenthal v. Myers, 75 N.J. Eq. 286, the court of errors and appeals, dealing with a mortgage usurious in its inception, held that the bonus should be applied to the reduction of the principal of the mortgage, and while the defendant, in the answer and counter-claim, makes no reference to any suggested deduction from the principal sum due by reason of the payment in the past of illegal interest, i.e., interest over the rate of six per cent., yet, on an accounting therefor the excess interest would be applied in accordance with Kohn v. Kelly, 76 N.J. Eq. 132,
in which case Vice-Chancellor Leaming held that "upon the foreclosure of an usurious mortgage, the defendant is entitled to a credit on the principal of the interest payment made in excess of the legal rate."
This disposes of the motion before me, as argued by complainant, who restricted his argument to the paragraphs of the answer and counter-claim I have considered, notwithstanding that his notice of motion went to the entire answer and counter-claim.
I have not, under these circumstances, dealt with the question as to whether or not on an usurious contract such as this, complainant may take advantage of a default in the *Page 287 
payment of interest and accelerate the due date of the principal, but it will be noted that defendant, in paragraph 3 of his answer, denies paragraph 13 of the complaint, wherein the complainant alleges that "on February 18th, 1934, one-half year's interest fell due on complainant's bond and mortgage and remained unpaid for more than thirty days thereafter." This allegation and the answer denying it raises the legal question as to whether or not the bill to foreclose was not filed prematurely, and inasmuch as the usury statute declares the contract in question as to interest illegal, I have no doubt that complainant may not take advantage of his own wrongdoing and prosecute his foreclosure, based on a default in the payment of interest which the defendant was not bound to pay. Such was the ruling of Vice-Chancellor Pitney in Leipziger v. Van Saun, 64 N.J. Eq. 37.
I will advise an order in accordance herewith.